<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | | |
|---|---|---|
| **EDDY M. MOREAU,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 06-3347(JLL)** |
| | : | |
| **v.** | : | |
| | : | |
| **WALGREENS,** | : | |
| **Defendant.** | : | |

---

<u>**REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on Plaintiff's motion to transfer this action to the

United States District Court for the Northern District of California (Docket Entry No. 33).

Defendant opposed the motion.  Pursuant to <u>Fed. R. Civ. P.</u> 78, no oral argument was heard.

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B).  For the

reasons expressed below, I respectfully recommend that the Court enter an Order denying

Plaintiff's motion.

<u>**BACKGROUND**</u>

On or about July 21, 2006, Plaintiff Eddy M. Moreau ("Plaintiff" or "Moreau") filed a

Complaint alleging various claims sounding in tort against Defendant Walgreens ("Defendant" or

"Walgreens").[1]  In his Complaint, Plaintiff alleges that he sustained damages as a result of being

---

[1] The Court notes that Defendant states that its proper corporate name is Walgreen
Eastern Corporation, Inc. (improperly pleaded as "Walgreens").

arrested on charges of shoplifting at the Walgreens store located at 325 Washington Avenue, Belleville, New Jersey (the "Belleville Walgreens").

By way of background, on June 11, 2006, Plaintiff was arrested by the Belleville Police Department and charged with shoplifting certain merchandise from the Belleville Walgreens. On June 14, 2006, Plaintiff pled not guilty to the shoplifting charge and, on June 27, 2006, those charges were voluntarily dismissed on the condition that the Plaintiff agree not to enter the Belleville Walgreens for a period of one year. On July 21, 2006, Plaintiff filed the aforementioned Complaint against Walgreens seeking $5 million dollars in damages.

Defendant contests Plaintiff's allegations regarding the circumstances of his arrest and his ensuing claims. Defendant states that it had probable cause to believe Plaintiff engaged in shoplifting from the Belleville Walgreens on June 11, 2006 and asserts that Plaintiff's claims are without merit.

Plaintiff now moves before this Court to transfer this matter to the United States District Court for the Northern District of California. In so moving, Plaintiff argues that the case should be transferred to the Northern District of California because he intends to move, or has in fact moved, from New Jersey to California.[2] In response, Defendant Walgreens argues that the interests of justice would not be served by a transfer to the Northern District of California because the events giving rise to Plaintiff's Complaint occurred in New Jersey and the persons with knowledge relevant to Plaintiff's claims work or reside in New Jersey. Accordingly,

_____

[2]In both his moving papers and in his reply to Defendant's opposition to his motion, Plaintiff indicated that he planned to move to California, but had not yet done so. In his latest submission to the Court, however, Plaintiff provides notice that his address has in fact changed to a location in California.

Defendant requests that Plaintiff's motion to transfer be denied.

### DISCUSSION

Plaintiff requests that this case be transferred to the United States District Court for the Northern District of California.  The moving party bears the burden of establishing that the proposed transferee forum is proper and that a balancing of the public and private factors at issue weigh in favor of transferring the case.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Although Plaintiff does not cite the statute applicable to his request, the Court assumes that Plaintiff is moving to transfer this matter pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[3]

A Court must consider three factors when determining whether to grant a Section 1404(a) transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.  Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 526 (D.N.J. 2000).  The analysis is not limited to these factors, but rather is a flexible analysis in which the Court must consider "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. (citations and internal quotations omitted).  Indeed, the test applied in determining whether to transfer an action pursuant to Section 1404(a) is an "individualized analysis and must be made on the unique facts presented in each case."  Id. at 527 (citations omitted).

---

[3]Because the Court finds that this case should not be transferred to the Northern District of California in light of the public, private and judicial interests discussed below, it need not engage in an analysis of whether this action may have been brought there.

3

Courts have identified a number of additional factors that may be considered when deciding a transfer motion.  These factors generally fall into two categories, private interests and public interests.  Private interests include:

> (1) plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465, 474 (citing Jumara, 55 F.3d at 879 (internal quotations omitted).  Public interests include:

> (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. (citing Jumara, 55 F. Supp. 2d at 879-80) (internal quotations omitted).

**A.  Private Interests**

Here, the private interests weigh in favor of litigating this matter in the District of New Jersey**.**  Plaintiff's  claims appear to center exclusively around alleged acts that occurred within the State of New Jersey.  Although Plaintiff asserts that the litigation should proceed in California because he has moved or intends to move there, the Court is persuaded that the substantial majority of the operative facts which form the basis of Plaintiff's claims occurred in New Jersey.  As discussed, both Plaintiff's arrest and the events giving rise to his arrest occurred in Belleville, New

Jersey. Mr. Moreau allegedly shoplifted from the Belleville Walgreens and was arrested and charged with shoplifting by the Belleville Police Department. Accordingly, Plaintiff's proposed choice to transfer this matter to California is entitled to less deference. See id.

In considering the convenience of the witnesses, the Court concludes that this factor weighs in favor of litigating this action in the District of New Jersey.   As noted above, Plaintiff's claims relate almost entirely to the acts and omissions of Walgreens employees in the State of New Jersey. These witnesses will likely play a key role in the development of the case.  Moreover, the officers who arrested Mr. Moreau are also likely to provide  testimony and all work or reside in New Jersey.

Further, most, if not all, of the relevant documents, as well as the actual situs of the alleged events, are also located in the state of New Jersey.  See Liggett, 102 F. Supp. 2d at 528.  These factors support denying Plaintiff's motion to transfer this matter to the Northern District of California.  Although litigating this case in the Northern District of California would be more convenient for the plaintiff should he currently reside there or intend to move there, the other private interest factors weigh in favor of maintaining the situs of the litigation in New Jersey.

### B.  Public Interests

 The public interests also weigh against transferring this case to the Northern District of California. Central to this analysis is that the operative facts occurred exclusively in this district. Most of the witnesses and records pertaining to this matter are located within the state of New Jersey. Thus, it is clear that it will likely be less expensive and more efficient for the case to proceed here, in the District of New Jersey.  Further, New Jersey has an interest in resolving this controversy in its home forum.  Finally, judges in the District of New Jersey will have greater familiarity with New Jersey tort law (to the extent that it is implicated here) than a judge sitting in the Northern District

of California.  Thus, taken together, the public interest factors support denying Plaintiff's request to transfer this matter to the Northern District of California.

### C. Interests of Justice

Finally, proceeding with this action in the District of New Jersey will serve the interests of justice. The principal events giving rise to Plaintiff's claims occurred in New Jersey, a majority of the witnesses and documents are located in New Jersey and the Court is persuaded that the New Jersey courts have a greater interest in adjudicating this matter.  Accordingly, Plaintiff's motion to transfer should be denied.

### CONCLUSION

In light of the foregoing, it is respectfully recommended that Plaintiff's motion to transfer (Docket Entry No. 33) be denied.

Respectfully submitted,


  s/ Claire C. Cecchi
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: July 31, 2008**